UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELLY LEANN HALL, | No. 2:20-cv-02036-EFB |
| Plaintiff, | |
| v. | ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendants. | |

Pursuant to 42 U.S.C. § 406(b), counsel for plaintiff in the above-entitled action seeks an award of attorney fees in the amount of $29,976.18. ECF No. 30. Neither defendant nor plaintiff have filed any response. For the reasons set forth below, the court grants the motion.

The uncontested record before the court demonstrates that plaintiff entered into a retainer agreement with her attorney that provided that she would pay counsel 25 percent of any past-due benefits won as a result of the appeal in this case. ECF No. 30-2 at 1. In October 2020, plaintiff, through counsel, filed a complaint in this court seeking review of defendant's adverse decision against her. ECF No. 1. Ultimately, this court granted summary judgment in plaintiff's favor, ECF No. 25, and, on remand, plaintiff was awarded $119,904.70 in past-due benefits. ECF No. 30-4 at 3. Plaintiff's counsel spent 59.30 hours of attorney time and 16.80 hours of paralegal / law clerk time litigating the case. ECF No. 30-1 ¶¶ 6-9; ECF No. 30-5 at 5.

42 U.S.C. § 406(b)(1)(A) provides, in relevant part:

1

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

Rather than being paid by the government, fees under the Social Security Act are awarded out of the claimant's disability benefits. *Russell v. Sullivan*, 930 F.2d 1443, 1446 (9th Cir. 1991), *receded from on other grounds*, *Sorenson v. Mink*, 239 F.3d 1140, 1149 (9th Cir. 1991). The 25 percent statutory maximum fee is not an automatic entitlement, however; the court also must ensure that the requested fee is reasonable. *Gisbrecht v. Barnhart*, 535 U.S. 789, 808-09 (2002) ("We hold that § 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements."). "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id*. at 807. A "court may properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (en banc).

The amount sought by plaintiff's counsel is reasonable and should be awarded. The amount requested reflects 25 percent of the amount of past-due benefits that plaintiff was awarded. *See* ECF No. 30-4 at 3-4. Plaintiff's counsel is an experienced attorney who secured a successful result for Plaintiff in this action. *See* ECF No. 30-1 ¶ 11; *see also id.* ¶¶ 6-9; ECF No. 30-3; ECF No. 30-4 at 4. There is no indication that a reduction of fees is warranted due to any substandard performance by counsel. There also is no evidence that Plaintiff's counsel engaged in any dilatory conduct resulting in excessive delay.

The total amount sought does not appear to be disproportionate to the amount of time plaintiff's counsel spent on the case. Counsel's billing statements indicate that he expended 59.30 hours of attorney time and was assisted by 16.8 hours of law clerk / paralegal time. ECF No. 30-5 at 5. If only attorney time is considered, then counsel for plaintiff requests the equivalent of approximately $505.50 per hour for his work on this case. If attorney and paralegal

1  time is considered equivalently, then the amount sought would reflect plaintiff's attorney and
2  paralegal / law clerk being awarded approximately $393.90 per hour; if, instead, the paralegal /
3  law clerk is reimbursed at what counsel represent to be the market rate—$180 per hour—then the
4  attorney's reimbursement would increase to approximately $454.51 per hour. *See* ECF No. 30 at
5  11; ECF No. 30-1 ¶ 10; ECF No. 30-5 at 5. Under any of these approaches, the hourly rate
6  awarded to counsel does not reflect a windfall and is consistent with awards found reasonable in
7  similar cases. *See Crawford*, 586 F.3d at 1145-47, 1153 (approving awards of attorneys fees that
8  included paralegal time); *id.* at 1153 (J. Clifton, concurring in part and dissenting in part) (noting
9  that the majority opinion found reasonable effective hourly rates equaling $519, $875, and $902
10 per hour); *see, e.g.*, *Lowery v. Comm'r of Soc. Sec.*, No. 2:22-CV-01979-EFB (SS), 2025 WL
11 417985, at *1 (E.D. Cal. Feb. 6, 2025) (awarding attorneys fees at effective hourly rate of $863);
12 *Knight v. Comm'r of Soc. Sec.*, No. 1:21-CV-00208-CBD, 2023 WL 2957837, at *2-3 (E.D. Cal.
13 Apr. 14, 2023) (finding attorney's hourly rate equivalent of $663.59 to be reasonable); *Snell v.*
14 *Kijakazi*, No. 2:18-CV-02719-EFB, 2022 WL 525482, at *1 (E.D. Cal. Feb. 22, 2022) (awarding
15 fees at effective hourly rate of $900); *Mayfield v. Comm'r of Soc. Sec.*, No. 1:16-cv-01084-SAB,
16 ECF No. 24, at 5 (E.D. Cal. March 19, 2020) (approving hours rate of $1,025.22 for paralegal and
17 attorney time); *Biggerstaff v. Saul*, 840 Fed. App'x 69, 71 (9th Cir. 2020) (affirming $1,400.00
18 per hour for combined attorney and paralegal work).
19      Finally, Plaintiff's counsel assumed the risk of receiving no compensation. *See* ECF No.
20 30-1 ¶ 4; ECF No. 30-6. In the Ninth Circuit, it is common that a contingency fee may far exceed
21 the market value of the services rendered, due to the financial risks to counsel intrinsic in the
22 arrangement. *In re Washington Public Power Supply Sys. Lit.*, 19 F.3d 1291, 1299-1301 (9th Cir.
23 1994).
24      Accordingly, undersigned finds the fee amount requested reasonable in light of the
25 counsel's experience in the field of Social Security law, the time counsel spent litigating the case,
26 the risk incurred, the result achieved, and the absence of any indication of dilatory conduct or a
27 windfall to counsel. *See Gisbrecht*, 535 U.S. at 808-09; *Crawford*, 586 F.3d at 1151.
28

Counsel acknowledges that the award must be offset by the fees previously awarded under the Equal Access to Justice Act ("EAJA"). ECF No. 30; *see Gisbrecht*, 535 U.S. at 796. On August 14, 2022, this court awarded counsel $10,000 under the EAJA pursuant to the parties' stipulation. ECF No. 29. Accordingly, once counsel receives the fee award under § 406(b), counsel must refund to plaintiff the amount of the prior award under the EAJA, *see Gisbrecht*, 535 U.S. at 796, resulting in a net award of $19,976.18.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's counsel's motion for attorney's fees (ECF No. 30) is granted.

2. Plaintiff's counsel is awarded a total of the $29,976.18 in fees pursuant to 42 U.S.C. § 406(b).

3. Upon receipt of the fee award, counsel shall refund to plaintiff the sum of $10,000.00, previously awarded under the EAJA.

Dated: February 20, 2025

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE